IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-272-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OLIVER PINEDA-OCHOA, | ) | |
| | ) | |
| Defendant. | ) | |

On December 4, 2006, pursuant to a written plea agreement, Oliver Pineda-Ochoa ("Pineda-Ochoa") pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine. See [D.E. 44, 46]. On March 6, 2007, the court held Pineda-Ochoa's sentencing hearing. See [D.E. 48, 49]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Pineda-Ochoa's total offense level to be 35, his criminal history category to be I, and his advisory guideline range to be 168 to 210 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Pineda-Ochoa to 186 months' imprisonment. See id.; [D.E. 49]. Pineda-Ochoa did not appeal.

On May 15, 2015, Pineda-Ochoa moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 58]. Pineda-Ochoa's new advisory guideline range is 135 to 168 months' imprisonment, based on a total offense level of 33 and a criminal history category of I. See Resentencing Report. Pineda-Ochoa requests a 149-month sentence. See id.

The court has discretion to reduce Pineda-Ochoa's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574

(4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Pineda-Ochoa's sentence, the court finds that Pineda-Ochoa engaged in serious criminal behavior involving a large quantity of illegal narcotics. See PSR ¶¶ 6–10. Pineda-Ochoa has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for being in an unauthorized area and for interfering with taking count. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Pineda-Ochoa received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Pineda-Ochoa's sentence would threaten public safety in light of his serious criminal conduct and misconduct while in prison. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Pineda-Ochoa's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Pineda-Ochoa's motion for reduction of sentence [D.E. 58].

SO ORDERED. This 11 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge

2